IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-00856-RJC-DSC

| | |
|---|---|
| **RODNEY HANDY FELDER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| | **AND ORDER** |
| **v.** ) | |
| ) | |
| **DUKE ENERGY CAROLINAS, LLC,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on "Defendant Duke Energy Carolinas, LLC's Motion to Quash Service and Dismiss the Plaintiff's Complaint with Prejudice," Doc. 6, and the parties' associated briefs and exhibits, Docs. 7, 9 and 13.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Quash Service be <u>granted</u> and the case dismissed without prejudice.

## I. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff alleges discrimination based upon race, age and retaliation by his employer Defendant Duke Energy Carolinas, LLC. On September 30, 2016, the Equal Employment Opportunity Commission issued Plaintiff a right to sue letter. <u>See</u> Doc. 1. On December 21, 2016, Plaintiff filed his *pro se* Complaint against Defendant. The Summons for Defendant was issued on

December 21, 2016.  Plaintiff never sought or obtained a waiver of service from Defendant.  On or about December 21, 2017, Plaintiff attempted to serve the Summons and Complaint on Defendant by U.S. Mail to "Duke Energy General Office."

Defendant filed this Motion pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure to quash service of process and dismiss the Complaint with prejudice.

## II.     DISCUSSION

Defendant argues that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(4) for a facially defective summons and Rule 12(b)(5) for insufficiency of service.  "Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint." Davies v. Jobs & Adverts Online, Gmbh, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (citing 5A Wright & Miller, Fed. Prac. & Proc. § 1353 (2d 1990)).  A plaintiff bears the burden of establishing that service of process has been perfected in accordance with the requirements of Rule 4. Scott v. Maryland State Dep't of Labor, 673 Fed.Appx. 299, 303 (4th Cir. 2016) (citing Dickerson v. Napalitano, 604 F.3d 732, 752 (2d Cir. 2010)).

A civil action is commenced when a plaintiff files a complaint with the court. Fed. R. Civ. Pro. 3.  "A summons must be served with a copy of the complaint.  The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. Pro. 4(c).  Plaintiff may request a waiver of service pursuant to Rule 4(d).

When service is made upon a corporate defendant, Rule 4(h)(1) requires that the summons be directed to "an officer, a managing or general agent, or any other agent authorized by

appointment or by law to receive service of process." Plaintiff directed his Summons to Duke Energy Carolinas, LLC. He did not direct the Summons and Complaint to a single corporate officer despite the public availability of their names and addresses on the North Carolina Secretary of State's website. Accordingly, Plaintiff's Summons is defective on its face and should be quashed pursuant to Rule 12(b)(4).

Rule 4(h)(1)(A) provides that service upon a corporation must be done "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process…" Fed.R.Civ.P. 4.

Rule 4(m) provides that if a plaintiff does not effectively serve process within ninety days of filing a complaint, the court "must dismiss the action without prejudice against that defendant or order that the service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) also states that "if the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Rule 4(m) does not define "good cause," which is a "legal term of art." Robinson v. G.D.C., Inc., 193 F. Supp. 3d 577, 580 (E.D. Va. 2016). Courts define legal terms of art by their "established meaning in the legal context." Id. (citing McDermott Int'l Inc. v. Wilander, 498 U.S. 337, 342 (1991)). Black's Law Dictionary defines good cause as "[a] legally sufficient reason ... to show why a request should be granted or an action should be excused." Black's Law Dictionary (10th ed. 2014). "Good cause requires a showing that the plaintiff made reasonable and diligent efforts" to serve process before the deadline. Galindo v. ASRC Fed. Holding Co., LLC, No. GJH–15–940, 2016 WL 2621949, at *2 (D. Md. May 5, 2016). As a fact specific evaluation, courts

consider at a variety of factors in determining whether good cause exists for an extension of time to serve process. Scott v. Md. State Dep't of Labor, 673 Fed.Appx. 299, 306 (4th Cir. 2016) ("[T]he question of what constitutes 'good cause' necessarily is determined on a case-by-case basis within the discretion of the district court.")

The Fourth Circuit has identified six factors for district courts to consider in determining good cause: (1) whether the delay was outside plaintiff's control; (2) whether the defendant was evasive; (3) whether the plaintiff acted diligently or made reasonable efforts to serve process; (4) whether the plaintiff is pro se or in forma pauperis; (5) whether the defendant would be prejudiced by an extension; and (6) whether the plaintiff asked for an extension of time before the deadline. Id.

Here, Plaintiff attempted to complete service on Defendant by mailing the Summons and Complaint to the "Duke Energy General Office" and obtaining a signature from a non-officer, non-agent of the Defendant. This is not an approved method of service under Rule 4. Plaintiff never sought or obtained a waiver of service from Defendant.

Plaintiff represents that he was involved in a car accident five days after filing his Complaint. He provides no details regarding his injuries, treatment, or why it took him over a year to even attempt service on Defendant. The Court finds that Plaintiff did not make reasonable and diligent efforts to serve process before the deadline.

For those reasons, the undersigned respectfully recommends that Defendant's Motion to Quash be granted and Plaintiff's Complaint be dismissed without prejudice.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including <u>all</u> discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendant Duke Energy Carolinas, LLC's Motion to Quash Service and Dismiss the Plaintiff's Complaint with Prejudice," Doc. 6, be **GRANTED**[1] and the Complaint be **DISMISSED WITHOUT PREJUDICE**.

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

---

[1] The Court does not address Defendant's Motion to Dismiss Plaintiff's Complaint with prejudice since Rule 4(m) requires dismissal without prejudice.

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to pro se Plaintiff, defense counsel, and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: March 22, 2018

David S. Cayer
United States Magistrate Judge