UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-856-RJC-DSC

| | |
|---|---|
| RODNEY HANDY FELDER, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| DUKE ENERGY CAROLINAS, LLC, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Duke Energy Carolinas, LLC's ("Defendant's"), Motion to Quash Service of Process and Dismiss the Plaintiff's Complaint, (Doc. No. 6); Defendant's Memorandum in Support, (Doc. No. 7); Rodney Felder's ("Plaintiff's") Response in Opposition, (Doc. No. 9); Defendant's Reply, (Doc. No. 13); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 15), recommending the Court grant Defendant's Motion without prejudice. Plaintiff has filed a timely objection, (Doc. No. 16), to which Defendant has filed a reply. (Doc. No. 18). The Motion is now ripe for the Court's consideration.

I.  BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as reproduced below.

Plaintiff alleges discrimination based upon race, age and retaliation by his employer Defendant Duke Energy Carolinas, LLC. On September 30, 2016, the Equal Employment Opportunity Commission issued Plaintiff a right to sue letter. See Doc. 1. On December 21, 2016, Plaintiff filed his *pro se* Complaint against Defendant. The Summons for Defendant was issued on December 21, 2016. Plaintiff never sought or obtained a waiver of service from Defendant. On or about December 21, 2017, Plaintiff attempted to serve the Summons and Complaint on Defendant by U.S. Mail to "Duke Energy General Office."

Defendant filed this Motion pursuant to Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure to quash service of process and dismiss the Complaint with prejudice.

## II.   STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C) Flush; Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and

recommendations." Id. "General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. Examining anew arguments already assessed in the M & R would waste judicial resources; parties must explain *why* the M & R is erroneous, rather than simply rehashing their prior filings." Wiggins v. Colvin, No. 1:12-cv-196, 2014 WL 184414, at *1 (W.D.N.C. Jan. 15, 2014) (citations, alterations and internal quotation marks omitted).

Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note). The Court construes arguments of a pro se defendant broadly rather than narrowly. Orpiano, 687 F.2d at 48.

## III. DISCUSSION

Defendant argues that dismissal is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(4) for a facially defective summons and Rule 12(b)(5) for insufficiency of service. "Rule 12(b)(4) concerns the sufficiency of the form of the process, rather than the manner or method by which it is served. Rule 12(b)(5), on the other hand, challenges the mode of delivery or the lack of delivery of the summons and complaint." Davies v. Jobs & Adverts Online, Gmbh, 94 F. Supp. 2d 719, 721 n.5 (E.D. Va. 2000) (citing 5A Wright & Miller, Fed. Prac. & Proc. § 1353 (2d 1990)). A plaintiff bears the burden of establishing that service of process has been perfected

3

in accordance with the requirements of Rule 4. Scott v. Maryland State Dep't of Labor, 673 Fed.Appx. 299, 303 (4th Cir. 2016) (citing Dickerson v. Napalitano, 604 F.3d 732, 752 (2d Cir. 2010)).

In his M&R, the Magistrate Judge recommended the Court grant Defendant's Motion without prejudice. The Magistrate Judge found that dismissal pursuant to Rule 12(b)(4) was proper because the summons was not directed to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." (Doc. No. 15 at 2-3) (citing Fed. R. Civ. P. 4(h)(1)). The Magistrate Judge also found that dismissal pursuant to Rule 12(b)(5) was proper because service of process did not comply with the time requirements of Rule 4(m) and no "good cause" was shown for Plaintiff's failure to meet the time requirements. (Doc. No. 15 at 3-4). The Court agrees.

When service is made upon a corporate defendant, Rule 4(h)(1) requires that the summons be directed to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive services of process." Here, Plaintiff directed his Summons to Duke Energy Carolinas, LLC. (Doc. No. 2). Plaintiff did not direct the summons and complaint to a single corporate officer despite the public availability of their names and addresses on the North Carolina Secretary of State's website. Therefore, Plaintiff's summit is defective on its face and quashed pursuant to Rule 12(b)(4).

Rule 4(m) provides that if a plaintiff does not effectively serve process within ninety days of filing a complaint, the court "must dismiss the action without prejudice

4

against that defendant or order that the service be made within a specified time." If, however, "the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period." Fed. R. Civ. P. 4(m). In determining whether "good cause" exists, the district court analyzes the following factors: (1) whether the delay in service was outside the plaintiff's control; (2) whether the defendant was evasive; (3) whether the plaintiff acted diligently or made reasonable efforts; (4) whether the plaintiff is pro se or in forma pauperis; (5) whether the defendant will be prejudiced; or (6) whether the plaintiff asked for an extension of time. Scott v. Md. State Dep't of Labor, 763 Fed.Appx. 299, 306 (4th Cir. 2016). Here, Plaintiff did not effectively serve Defendant within ninety days of filing the complaint. The Magistrate Judge also found that Plaintiff failed to establish good cause. (Doc. No. 15 at 4).

Plaintiff offers the following objections, addressed in the next several paragraphs, to the Magistrate Judge's M&R. For the stated reasons, The Court finds them to be without merit.

Plaintiff objects to the M&R, arguing that he did not consent to a magistrate judge. (Doc. No. 16 at 2). This objection is without merit, as Plaintiff need not consent to the magistrate judge's role in providing a recommendation on a pending Motion to Dismiss. See 28 U.S.C. § 636(b)(1)(A) & (B).

Plaintiff objects to the M&R on the ground that Plaintiff attempted to discern the Defendant's mailing address by contacting Defendant. (Doc. No. 16 at 2). Plaintiff, however, never offers any explanation of how this would change the legal

5

determination at issue. Moreover, the factual record shows that Defendant's officers and addresses were publicly available with the North Carolina Secretary of State.

Plaintiff objects to the M&R's finding of no "good cause" and provides records of his traffic accident, which resulted in injury that led to medical treatment. (Doc. No. 16 at 5, 7). Even in light of these records, the Court finds that no good cause exists under the six factor test. Even though Plaintiff proceeds *pro se*, the Court finds that Plaintiff did not make reasonable efforts to properly serve the Defendant. Plaintiff has not shown how his injuries affected his ability to timely serve Defendant, or why he did not attempt to serve Defendant until more than a year after the Complaint was filed.

Other objections raised by Plaintiff—that Defendant has not answered the Complaint and that Plaintiff has not received a copy of Defendant's approved Motion for an Extension of Time—are irrelevant to the issue of service of process and are not the subject of Defendant's Motion to Dismiss. The Court will address Plaintiff's Motion for Default Judgment in a separate ruling.

After reviewing all objections from Plaintiff, the Court finds them without merit. Neither does the Court find any non-objected portion of the Magistrate Judge's M&R to be clearly erroneous. Therefore, the Court adopts the Magistrate Judge's M&R in its entirety and dismisses Plaintiff's complaint without prejudice.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 15), is **ADOPTED**; and

2. Defendant's Motion to Dismiss, (Doc. No. 6), is **GRANTED without prejudice.**

Signed: July 11, 2018

Robert J. Conrad, Jr.
United States District Judge