UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-856-RJC-DSC

| | |
|---|---|
| RODNEY HANDY FELDER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>DUKE ENERGY CAROLINA, LLC, )<br>)<br>Defendant. )<br>_____) | <br><br><br><br><br>**ORDER** |

**THIS MATTER** comes before the Court on Rodney Handy Felder's Pro Se Motion for Default Judgment, (Doc. No. 10), and Duke Energy Carolina, LLC's Memorandum in Opposition, (Doc. No. 14).

I.  BACKGROUND

Plaintiff Rodney Handy Felder ("Plaintiff") filed a complaint on December 21, 2016, against Defendant Duke Energy Carolina, LLC ("Defendant"), seeking damages for employment discrimination and harassment. The summons was issued on December 21, 2016. On or about December 21, 2017, Plaintiff attempted to serve the summons and complaint on Defendant by mailing a copy via regular U.S. Mail to "Duke Energy General Office."

Defendant filed a Motion for Extension of Time to Respond to Plaintiff's Complaint on January 10, 2018, which was granted by the Court on January 11, 2018. This Order extended Defendant's time to respond to Plaintiff's complaint to February

12, 2018. On February 7, 2018, Defendant filed a Motion to Quash Service and Dismiss Plaintiff's Complaint with Prejudice pursuant to Federal Rules of Civil Procedure 12(b)(4)-(5) in lieu of answering Plaintiff's complaint. Defendant then served Plaintiff with this Motion. Plaintiff filed a Motion for Judgment of Default on February 26, 2018, alleging that Defendant had failed to timely serve the Plaintiff or the Court with an answer to the complaint as required by Federal Rule of Civil Procedure 55(a).

Defendant filed a Response to Plaintiff's Motion for Judgment of Default on March 5, 2018. In addition, Defendant also requests the Court to tax the costs of Plaintiff's action, including reasonable attorneys' fees, against the Plaintiff.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Generally, a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). If, however, a party serves a motion to the court, unless the court sets a different time, a responsive pleading is due within 14 days after the court either denies the motion, postpones its disposition until trial, or a more definite statement is served. Fed. R. Civ. P. 12(a)(4). Proper motions that include an extended time include motions of insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4)-(5).

## III. DISCUSSION

Plaintiff is moving the Court to enter default against Defendant. Plaintiff argues that because Defendant failed to answer the Complaint in the time allowed, Plaintiff is entitled to move for default under Federal Rule of Civil Procedure 55(a). The Court disagrees.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Generally, a defendant has 21 days to serve a responsive pleading after being served with the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). A court may also extend the time this responsive pleading may be done. Fed. R. Civ. P. 6(b)(1).

If a party serves a motion on the court, however, the time period for a responsive pleading is altered such that: (1) "if the court denies the motion or postpones its disposition until trial," the responsive pleading is due within 14 days of the court's decision; or (2) "if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served." Fed. R. Civ. P. 12(a)(4). Such motions included in Rule 12(a)(4) are motions for insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4)-(5).

Here, Plaintiff filed a complaint against Defendant on December 21, 2016, and a summons was issued on the same day. Prior to the 21-day responsive pleading limit of Rule 12(a)(1)(A)(i), Defendant filed a Motion for Extension of Time to Answer. (Doc.

3

No. 3). The Court granted Defendant's motion, giving Defendant the option to "plead or otherwise defend" by February 12, 2018. (Doc. No. 4); *see also* Fed. R. Civ. P. 55(a). Defendant subsequently timely filed a Motion to Dismiss on February 7, 2018. (Doc. No. 6). Defendant timely served this Motion to Dismiss on Plaintiff.

Because Defendant filed a Motion to Dismiss, a responsive pleading is not due until 14 days after the court either denies or postpones judgment on the motion until trial, "[u]nless the court sets a different time." Fed. R. Civ. P. 12(a)(4)(A). The Court has not set a different time. Thus, Defendant need not file an answer to Plaintiff's complaint until 14 days after the Court's action on Defendant's motion,[1] if an answer is still required at that point.

Therefore, because Defendant timely filed a Motion to Dismiss as allowed under Rules 12(b)(4)-(5) and the Court has yet to rule on that Motion, Defendant has not "failed to plead or otherwise defend" in a timely manner. Plaintiff's motion for Judgment of Default is **DENIED**.[2]

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion of Judgment of Default, (Doc. No. 10), is **DENIED**.

Signed: July 11, 2018

Robert J. Conrad, Jr.
United States District Judge

---

[1] The Court will rule on Defendant's Motion to Dismiss in a separate order.
[2] In its Memorandum in Opposition, Defendant summarily requests the Court to tax the costs of this action, including reasonable attorney's fees, against Plaintiff. (Doc. No. 14 at 4). The Court declines to do so at this time.

4